UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRIE LYNN EMERY #711618,

                Petitioner,

                                              CASE NO. 2:18-CV-10733
        v.                                    HON. GEORGE CARAM STEEH

SHAWN BREWER,

                Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, &
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

    Michigan prisoner Torrie Lynn Emery ("petitioner") has filed a pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting

that she is being held in violation of her constitutional rights.  The petitioner

pleaded no contest to second-degree murder, MICH. COMP. LAWS §

750.317, and assault with intent to do great bodily harm less than murder,

MICH. COMP. LAWS § 750.84, in the Oakland County Circuit Court and was

sentenced, as a third habitual offender, MICH. COMP. LAWS § 769.11, to

concurrent terms of 18 years 9 months to 60 years imprisonment and 10 to

20 years imprisonment in 2011.  In her pleadings, she raises claims

concerning the voluntariness of her plea, the validity of her sentences, and

the effectiveness of trial and appellate counsel.  For the reasons stated, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from her conduct in pursuing a woman who she perceived as an enemy to "beat her ass" and engaging in a high speed car chase that resulted in a car crash in Pontiac, Michigan on July 21, 2010.  See 8/19/10 Prelim. Ex. Tr., pp. 16 (ECF No. 10-2, PageID.126).  A Pontiac police detective noticed the car chase, followed the two vehicles while communicating with dispatch, observed the ensuing crash, and stopped the petitioner's car.  See 9/8/10 Prelim. Ex. Tr., pp. 43-56 (ECF No. 10-3, PageID.238-251).  As a result of the crash, the petitioner's perceived enemy was critically injured and her passenger was killed.  See 8/19/10 Prelim. Ex. Tr., pp. 73-77 (ECF No. 10-2, PageID.183-187); 9/22/10 Prelim. Ex. Tr., pp. 8-9 (ECF No. 10-4, PageID.278-279).

On December 20, 2010, the petitioner pleaded no contest to second-degree murder and assault with intent to commit great bodily harm less than murder in exchange for the dismissal of a second-degree child abuse charge and an agreement for a minimum sentence of at least 18 years in

prison and at the low end of the guideline range.  See 12/20/10 Plea Hrg.

Tr., pp. 3-5, 8, 11 (ECF No. 10-5, PageID.335-337, 340, 343).  On January

12, 2011, the trial court sentenced the petitioner, as a third habitual

offender, to concurrent terms of 18 years 9 months to 60 years

imprisonment and 10 to 20 imprisonment in accordance with that

agreement.  See 1/12/11 Sent. Hrg. Tr., p. 12 (ECF No. 10-6, PageID.358).

Following sentencing, the petitioner filed a motion to withdraw her

plea with the state trial court raising claims concerning the voluntariness of

her plea and the validity of her sentences.  The court conducted a hearing,

determined that the claims lacked merit, and denied the motion.  See

9/14/11 Mot. Hrg Tr., pp. 4-5 (ECF No. 10-7, pp. 364-365).

The petitioner filed a delayed application for leave to appeal with the

Michigan Court of Appeals raising claims concerning the voluntariness of

her plea, the validity of her sentences, and the effectiveness of trial

counsel.  The court denied leave to appeal for lack of merit in the grounds

presented.  People v. Emery, No. 306194 (Mich. Ct. App. Nov. 20, 2011).

The petitioner then filed an application for leave to appeal with the

Michigan Supreme Court, which was denied in a standard order.  People v.

Emery, 491 Mich. 910, 810 N.W.2d 587 (2012).

The petitioner subsequently filed a motion for relief from judgment

with the state trial court raising claims concerning the effectiveness of trial and appellate counsel.  The court denied the motion for failure to establish good cause and actual prejudice under Michigan Court Rule 6.508(D)(3) and for lack of merit.  People v. Emery, No. 2010-233775-FC (Oakland Co. Cir. Ct. March 2, 2016).  The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying the motion for relief from judgment.  People v. Emery, No. 334494 (Mich. Ct. App. Feb. 2, 2017). The petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). People v. Emery, 501 Mich. 946, 904 N.W.2d 614 (2017).

The petitioner thereafter filed her federal habeas petition.  She raises the following claims:

I. Her state and federal constitutional rights were violated when she was coerced into taking a plea, and trial counsel was ineffective.

II. She is entitled to re-sentencing where the sentencing guidelines were mis-scored in violation of the state and federal due process right to sentencing based upon accurate information and trial counsel was ineffective for failing to challenge the scoring.

III. Her right to the effective assistance of trial counsel was

denied in violation of the state and federal constitutions.

IV.   She was denied her right to the effective assistance of
appellate counsel.

The respondent filed an answer to the petition contending that it should be

denied because the third claim is procedurally defaulted and all of the

claims lack merit.  The petitioner filed a reply to that answer.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1)   resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme

Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id.  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id; see also White v. Woodall, 572 U.S. 415, 419-20 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  Woods v. Donald, 575 U.S. 312, 316 (2015).  A habeas petitioner cannot prevail as long as it is within

the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  Woods v. Etherton, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.  The requirements of clearly established law are to

be determined solely by Supreme Court precedent.  Thus, "circuit

precedent does not constitute 'clearly established Federal law as

determined by the Supreme Court'" and it cannot provide the basis for

federal habeas relief.  Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per

curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam).  The

decisions of lower federal courts, however, may be useful in assessing the

reasonableness of the state court's resolution of an issue.  Stewart v.

Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340

F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359

(E.D. Mich. 2002).

A state court's factual determinations are presumed correct on

federal habeas review.  See 28 U.S.C. § 2254(e)(1).  A petitioner may

rebut this presumption with clear and convincing evidence.  Warren v.

Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).  Lastly, habeas review is

"limited to the record that was before the state court."  Cullen v. Pinholster,

563 U.S. 170, 181 (2011).

## IV.    Analysis

### A.    Involuntary Plea/Ineffective Assistance of Counsel Claim

The petitioner first asserts that she is entitled to habeas relief

because her no contest plea was coerced and trial counsel was ineffective

in investigating her case and advising her to take the plea.  The
respondent contends that this claim lacks merit.

The petitioner raised this claim in her plea withdrawal motion and on
direct appeal.  The trial court denied relief on the merits finding that the
petitioner failed to show that her plea was coerced or that counsel
misadvised her, the Michigan Court of Appeals denial leave to appeal for
lack of merit, and the Michigan Supreme Court denied leave to appeal in a
standard order.  The state courts' denials of relief are neither contrary to
Supreme Court precedent nor an unreasonable application of federal law
or the facts.

When a criminal defendant is convicted pursuant to a plea, habeas
review is limited to whether the plea was made knowingly, intelligently, and
voluntarily.  See United States v. Broce, 488 U.S. 563 (1989); Boykin v.
Alabama, 395 U.S. 238 (1969).  A plea is intelligent and knowing where
there is nothing to indicate that the defendant is incompetent or otherwise
not in control of his or her mental faculties, is aware of the nature of the
charges, and is advised by competent counsel.  Brady v. United States,
397 U.S. 742, 756 (1970).  The plea must be made "with sufficient
awareness of the relevant circumstances and likely consequences."  Id. at
748.  A plea is voluntary if it is not induced by threats or misrepresentations

and the defendant is made aware of the direct consequences of the plea. Id. at 755. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749.

In this case, the state court record reveals that the petitioner's plea was knowing, intelligent, and voluntary. The petitioner was 23 years old at the time of her plea and could read and write. As a repeat offender, she was familiar with the criminal justice system. There is no evidence that she suffered from any physical or mental problems which impaired her ability to understand the criminal proceedings or the nature of her plea. The petitioner was represented by legal counsel, conferred with counsel during the plea process, and stated that she was satisfied with counsel's conduct. The trial court advised the petitioner of her trial rights and the fact that she would be giving up those rights by pleading no contest. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. The parties stipulated to the preliminary examination transcript as the factual basis for the plea. The petitioner indicated she understood the plea agreement, that she wanted to take the plea, and that she had not been threatened or promised anything other than what was included in the plea agreement. See 12/20/10 Plea Tr., pp. 4-5. 8-11 (ECF No. 10-5, PageID., 336-37, 340-343). The petitioner is

bound by those statements.  See Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999).

There is no evidence of coercion.  The fact that the petitioner was subsequently dissatisfied with her plea or may have hoped for more lenient treatment does not render her plea unknowing or involuntary.  See Brady, 397 U.S. at 757.  A defendant "is not entitled to withdraw [her] plea merely because [she] discovers long after the plea has been accepted that [her] calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."  Brady, 397 U.S. at 757.

The petitioner asserts that her plea is invalid because she could have mounted a defense to the charges.  A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense.  See Fautenberry v. Mitchell, 515 F.3d 614, 636 (6th Cir. 2008) (citing Boykin, 395 U.S. at 243).  A defendant who pleads guilty or no contest waives all pre-plea issues, Tollett v. Henderson, 411 U.S. 258, 267 (1973), including any claim that she had a defense to the charges.  Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992);

Siegel v. New York, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing Tollett and McMann v. Richardson, 397 U.S. 759 (1970)).  The petitioner waived her right to present a defense to the charges by pleading no contest.  See Broce, 488 U.S. at 569; Tollett, 411 U.S. at 267; United States v. Ormsby, 252 F.3d 844, 848 (6th Cir. 2001).

The petitioner relatedly asserts that trial counsel was ineffective in failing to investigate her case and in advising her to accept the plea bargain.  The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel.  First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's

errors, [he/she] would not have pleaded guilty and would have insisted on going to trial."  <u>Hill</u>, 474 U.S. at 59.  The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial."  <u>Id</u>.  The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'"  <u>Id</u>. at 59-60 (quoting <u>Strickland</u>, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by <u>Strickland</u> and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  <u>Harrington</u>, 562 U.S. at 105 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard."  <u>Id</u>.  Additionally, the Supreme Court has emphasized the extraordinary

deference to be afforded trial counsel in the area of plea bargaining.  See Premo v. Moore, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); Bray v. Andrews, 640 F.3d 731, 738 (6th Cir. 2011) (citing Premo).

To the extent that the petitioner asserts that trial counsel was ineffective for failing to investigate defenses or take other action during the pre-plea period, she is not entitled to relief.  As discussed, claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea.  Broce, 488 U.S. at 569; Tollett, 411 U.S. at 267.  The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that [she] is in fact guilty of the offense with which [she] is charged, [she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [She] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [she] received from counsel was not within [constitutional standards].

Tollett, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea.  In such a case, a reviewing court's inquiry is limited to whether

the plea was knowing, intelligent, and voluntary.  Broce, 488 U.S. at 569.

Accordingly, the petitioner's claim that counsel was ineffective for failing to

take certain actions during the pre-trial period is foreclosed by her plea and

does not warrant relief.

The petitioner also asserts that counsel was ineffective for advising

her to plead no contest rather than preparing a defense to the charges.

Defense counsel has a duty to conduct a reasonable investigation into the

facts of a defendant's case, or to make a reasonable determination that

such investigation is unnecessary.  Strickland, 466 U.S. at 690-91;

Lundgren v. Mitchell, 440 F.3d 754, 771 (6th Cir. 2006); O'Hara v.

Wiggington, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate,

especially as to key evidence, must be supported by a reasoned

determination that investigation is not warranted).  The petitioner, however,

fails to establish that counsel did not investigate her case or was deficient

in advising her about the charges, the plea, or possible defenses.  She

offers no proof, other than her own assertions, regarding what defenses or

strategies counsel did or did not discuss with her.  "It should go without

saying that the absence of evidence cannot overcome the 'strong

presumption that counsel's conduct [fell] within the wide range of

reasonable professional assistance.'"  Burt v. Titlow, 571 U.S. 12, 23

(2013) (quoting Strickland, 466 U.S. at 689); see also Womack v. Del Papa, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective assistance claim based on counsel's alleged failure to discuss possible defenses where petitioner confirmed his understanding of the plea agreement in court and evidence that counsel failed to discuss defenses consisted only of "self-serving statements").

Although the petitioner believes that she could have defended against the charges, she fails to offer any evidence, other than her own assertions, to support this claim.  It is well-settled that conclusory allegations are insufficient to warrant habeas relief.  See Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); see also Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against the petitioner, the significant evidence of guilt presented at pre-trial hearings, which included testimony from her own passenger and a police detective's eyewitness testimony, the uncertainties associated with trial, and the lack of a solid

-17-

defense.  Trial counsel was able to secure the dismissal of a child abuse charge and an agreement for a minimum sentence at the low end of the guideline range (not lower than 18 years in prison), thereby avoiding a potential life sentence.  Having reviewed the record, the Court is satisfied that trial counsel was effective and that the petitioner's plea was knowing, intelligent, and voluntary.

Lastly, to the extent that the petitioner asserts that the trial court erred in denying her plea withdrawal motion (or otherwise asserts a violation of state law), she is not entitled to relief.  Such claims are not cognizable on habeas review because they are state law claims.  A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. Chene v. Abramajtys, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table).  Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion.  A trial court's abuse of discretion generally is not a basis for habeas corpus relief."  Adams v. Burt, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); see also Hoffman v. Jones, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990);

Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for perceived errors of state law.  Estelle, 502 U.S. at 67-68.  The petitioner is not entitled to habeas relief based upon any alleged violation of state law.  Habeas relief is not warranted on this claim.

## B.     Sentencing/Ineffective Assistance of Counsel Claim

The petitioner next asserts that she is entitled to habeas relief because the trial court erred in scoring certain offense variables of the state sentencing guidelines such that her sentence is based upon inaccurate information and because trial counsel was ineffective for failing to object at sentencing.  The respondent contends that this claim lacks merit.

The petitioner raised this claim in her plea withdrawal motion and on direct appeal.  The trial court denied relief on the merits finding that the disputed offense variables were properly scored, the Michigan Court of Appeals denial leave to appeal for lack of merit, and the Michigan Supreme Court denied leave to appeal in a standard order.  The state courts' denials

of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). The petitioner's sentences are within the statutory maximums for her offenses as a third habitual offender. See MICH. COMP. LAWS §§ 750.317, 750.84, 769.11. Consequently, her sentences are insulated from habeas review absent a federal constitutional violation.

To the extent that the petitioner contests the trial court's scoring of certain offense variables under state law, she is not entitled to relief. A claim challenging the scoring of the offense variables of the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. See Tironi v. Birkett, 252 F. App'x 724, 725 (6th Cir. 2007); Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting

statutes is a matter of state concern only."); Cheatham v. Hosey, 12 F.3d

211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state

sentencing guidelines is a state law issue not cognizable on federal

habeas review); see also Kissner v. Palmer, 826 F.3d 898, 904 (6th Cir.

2016); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).

Alleged errors in scoring the offense variables and determining the

sentencing guideline range do not warrant federal habeas relief.  As noted,

state courts are the final arbiters of state law and federal courts will not

intervene in such matters.  Lewis, 497 U.S. at 780; Oviedo, 809 F.2d at

328; see also Bradshaw, 546 U.S. at 76; Sanford, 288 F.3d at 860.

Habeas relief does not lie for perceived errors of state law.  Estelle, 502

U.S. at 67-68.

A sentence may violate federal due process, however, if it is

carelessly or deliberately pronounced on an extensive and materially false

foundation which the defendant had no opportunity to correct.  Townsend,

334 U.S. at 741; see also United States v. Tucker, 404 U.S. 443, 447

(1972) (citing Townsend); United States v. Sammons, 918 F.2d 592, 603

(6th Cir. 1990) (defendant must have a meaningful opportunity to rebut

contested sentencing information).  To prevail on such a claim, a petitioner

must show that the court relied upon the allegedly false information.

United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992). The petitioner makes no such showing. She had a sentencing hearing before the state trial court with an opportunity to contest the sentencing decision. She also raised her sentencing issues on direct appeal. The petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing her sentences which she had no opportunity to correct.

The petitioner relatedly asserts that trial counsel was ineffective for failing to object to the scoring of the offense variables at sentencing. As discussed, in order to establish that trial counsel was ineffective, a habeas petitioner must show that counsel erred and that she was prejudiced by counsel's conduct. See Strickland, 466 U.S. at 687. Given the state trial court's ruling that the disputed offense variables were correctly scored, as well as the Michigan Court of Appeals' denial of leave to appeal for lack of merit, the petitioner cannot establish that counsel erred at sentencing and/or that she was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection. See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000). Habeas relief is

not warranted on this claim.

### C.   Ineffective Assistance of Trial Counsel Claim

The petitioner next asserts that she is entitled to habeas relief because trial counsel was ineffective for not allowing her to withdraw her no contest plea (prior to sentencing) and failing to present a defense.  The respondent contends that this claim is procedurally defaulted and that it lacks merit.

As an initial matter, the Court notes that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits."  Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)).  The Supreme Court has explained the rationale behind such a policy:  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  Lambrix, 520 U.S. at 525.  In this case, the procedural default issue is complex and intertwined with the ineffective assistance of appellate counsel issue such that the substantive issue is easier to resolve.  Consequently, the interests of judicial economy are best served by addressing the merits of the claim.

The petitioner first raised this particular claim as a distinct issue on collateral review. The state trial court denied relief finding that the petitioner failed to show that trial counsel was ineffective in advising her about her plea, that her plea was not coerced, and that it would have denied any pre-sentencing plea withdrawal motion, and the Michigan appellate courts both denied leave to appeal. The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

As discussed, in order to establish that trial counsel was ineffective, a habeas petitioner must show that counsel erred and that she was prejudiced by counsel's conduct. See Strickland, 466 U.S. at 687. The petitioner makes no such showing. As explained supra, the petitioner's plea was knowing, intelligent, and voluntary, there is no evidence of coercion, and trial counsel performed effectively during the plea process. Given such findings, as well as the state trial court's ruling that it would have denied any pre-sentencing plea withdrawal motion, the petitioner cannot establish that trial counsel erred and/or that she was prejudiced by counsel's conduct in this regard. Habeas relief is not warranted on this claim.

**D.    Ineffective Assistance of Appellate Counsel Claim**

Lastly, the petitioner asserts that she is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing ineffective assistance of trial counsel issues on direct appeal and failing to request an evidentiary hearing. The respondent contends that this claim lacks merit.

The petitioner first raised this claim on collateral review. The state trial court denied relief finding that the petitioner failed to show that appellate counsel erred and/or that she was prejudiced by counsel's conduct, and the Michigan appellate courts both denied leave to appeal. The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal. Strickland, 466 U.S. at 687.

It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983).

-25-

The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy…. Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).

In this case, the petitioner fails to show that appellate counsel erred and/or that she was prejudiced by counsel's conduct.  Appellate counsel raised significant issues on appeal, challenging the voluntariness of the petitioner's plea, the validity of her sentences, and the effectiveness of trial counsel.  The petitioner fails to show that by omitting the claims presented

in her motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance.  Such claims are not "dead-bang winners" as evidenced by the state trial court's ruling.  Moreover, the petitioner cannot show that she was prejudiced by counsel's conduct as the underlying issues lack merit.  See discussion supra.  Appellate counsel cannot be deemed ineffective for failing to raise issues that lack merit.  See Shaneberger v. Jones, 615 F.3d 448, 452 (6th Cir. 2010) (citing Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001)). Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on her claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable

jurists would find the court's assessment of the constitutional claims debatable or wrong.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  The petitioner makes no such showing.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  <u>See</u> FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** the petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2020

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 30, 2020, by electronic and/or ordinary mail and also on Torrie Emery #711618. Huron Valley Complex - Womens. 3201 Bemis Road, Ypsilanti, MI 48197.

s/Brianna Sauve
Deputy Clerk